DUNCAN, Circuit Judge,
concurring:
Although I ultimately agree with the majority’s fine opinion, I do so on slightly different grounds and with somewhat greater reservations, which I write separately to express.
My concern flows from the majority’s conclusion that under the facts of this case, Maryland’s implied permission transfers between two vehicles. It is clear, as the majority states, that Griffin had permission to use Davis’s Taurus and that Davis herself was a permissive user of the Monte Carlo. It is also clear under Maryland law a course of conduct between parties may be sufficient to give rise to implied permission to use an automobile. However, in this case there was absolutely no evidence that Griffin had permission — implied or express — to use the Monte Carlo. There is no evidence in the record that Griffin and Davis discussed the provenance of the Monte Carlo or that Griffin even knew that it was a loaner car to replace her Taurus. Leaving one’s keys in the same place each night seems too small a quantum of evidence from which to imply permitted use.
Were we deciding the issue of whether to imply permissive use, I would prefer to certify the question of such transferability to the Maryland courts to resolve in the first instance. I am persuaded, however, that the issue before us is slightly different. This appeal presents the narrower question of whether Harleysville has carried its burden of proof.
As the majority notes, under Maryland law there is a presumption that a driver operating a vehicle has either express or implied permission to do so. State Farm Mut. Auto. Ins. Co. v. Martin Marietta Corp., 105 Md.App. 1, 657 A.2d 1183, 1186 (Md.Ct.Spec.App.1995). The existence of this presumption shifts the burden to Har-leysville to establish that Griffin did not have permission to use the vehicle when the accident occurred.* A party must *283 show “conclusive evidence” to rebut the presumption as a matter of law. In the absence of such conclusive evidence, the presumption is a question for the finder of fact. State Farm, 657 A.2d at 1188; see also Empire Fire & Marine Ins. Co. v. Liberty Mut. Ins. Co., 117 Md.App. 72, 699 A.2d 482, 500 (Md.Ct.Spec.App.1996).
As I noted earlier, in this case the record reflects an absence of evidence on the question of whether or not Griffin had permission to drive the Monte Carlo. I am not unsympathetic to Harleysville’s plight. Proving a negative — here, the absence of implied permission — is a difficult burden. It is, however, the burden imposed by Maryland law, and Harleysville has failed to meet it.
For the narrow reason that Harleysville has failed to carry its burden of rebutting the presumption of permission, I concur in the majority’s opinion.

 The case law reveals that the presumption of permission functions as a burden-shifting device. In State Farm, the case cited by both *283 parties to support the presumption, the court employed the presumption in this way:
There is, however, a presumption that Man-sel did have permission to be driving at that time. As soon as the stipulation was read to the jury, appellant had the benefit of this presumption, which shifted to appellees the burden of persuading the jury that Mansel did not have permission to be driving when the accident occurred.
657 A.2d at 1186 (internal citations omitted) The court went on to say:
The owner who asserts that the driver did not have permission should be held to the same burdens of production and persuasion as the owner who asserts that the driver was not an agent [of showing] by a preponderance of the evidence that ... [the driver] did not have permission.
Id. at 1187.